**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1355-24

EDARIEL MELENDEZ,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

          Submitted February 2, 2026 – Decided March 10, 2026

          Before Judges Sabatino and Walcott-Henderson.

          On appeal from the New Jersey Department of Corrections.

          Edariel Melendez, self-represented appellant.

          Jennifer Davenport, Acting Attorney General, attorney for respondent (Christopher Weber, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Edariel Melendez appeals from a November 22, 2024 final administrative decision of defendant New Jersey Department of Corrections ("Department") upholding a disciplinary hearing officer's ("DHO") finding of guilt for possession of a SIM card and imposition of sanctions related to his guilty plea to possession of a cell phone, prohibited acts under *.009 (misuse, possession, distribution, sale or intent to distribute or sell an electronic communication device) in violation of N.J.A.C. 10A:4-4.1(a)(1)(viii). We affirm.

We discern the following facts from the record. On September 17, 2024, while Melendez was an inmate at New Jersey State Prison, Officers W. Gorman and L. Jovanovic entered his holding cell and observed him with a cellular phone. Instead of complying with officers' instructions to raise his hands, Melendez made an unsuccessful attempt to flush the phone down the toilet.

A subsequent search of his holding cell revealed a SIM card, which Officer Gorman found hidden in a sock behind a vent grate.[1]

---

[1] A SIM card is a card that is inserted into a cell phone, used for identification of the phone on a communications network, and to store data. Merriam Webster's Collegiate Dictionary, https://www.merriam-webster.com/dictionary/SIM%20card (defining "SIM card") (last visited Feb. 18, 2026).

Melendez was charged with two counts of prohibited acts *.009, for possessing the phone and the SIM card, both under N.J.A.C. 10A:4-4.1(a)(1)(viii).[2] The charges were delivered to Melendez the next day and the matter was referred to a DHO for further action. According to Melendez, "when the investigating sergeant came to deliver the charge on September 18, 2025, [he] immediately accepted responsibility for his actions. He admitted the cell phone was his." He further clarified that he admitted to possessing the phone, but was clear in stating that "he never used the phone for any illegal activity nor did he ever allow anyone else to use the phone."

A separate hearing was scheduled on September 30, 2024 before a DHO on the possession of the SIM card charge. Melendez was present for the hearing accompanied by a counsel substitute.[3] According to Melendez, at the disciplinary hearing, he admitted that he used the phone to speak with his family and when the hearing officer inquired why the phone was necessary, he

---

[2] Melendez was also charged with one count of *.203 (possession or introduction of any prohibited substance, such as drugs, intoxicants, or related paraphernalia). N.J.A.C. 10A:4-4.1(a)(6)(i). However, while the *.203 charge is related to the same incident, it was delayed and adjudicated separately. Therefore, it is not at issue in this appeal.

[3] Counsel substitute served as a New Jersey State Prison Law Library paralegal.

explained that his daughter was having a sweet sixteen party and that he wanted to attend via the cell phone.

At this hearing, the Department presented the reports of Officers Gorman and Jovanovic. Melendez, however, did not testify or offer any written statements and declined to call or cross-examine any witnesses.

Following the hearing, the DHO found Melendez guilty of possessing an unauthorized SIM card, reasoning that it is "'a device that is capable of storing information [and] data[,]'" and memorialized the decision in an adjudication report reasons for the decisions.

The adjudication reports show that the DHO relied on the following evidence: (1) the authorization for prehearing disciplinary housing placement; (2) the incident and special custody reports; (3) Melendez's medical evaluation; (4) the seizure of contraband report and accompanying photographs; and (5) e-mail correspondence pertaining to seized items. In imposing sanctions, the DHO noted that she considered the statements offered by Melendez's counsel substitute, Melendez's plea and disciplinary history, the seriousness of the offense, and the need to deter similar acts in the future.

Melendez requested leniency in the imposition of sanctions based on his guilty plea to the phone charge and history of only two prior disciplinary charges

A-1355-24

spanning his sixteen years' incarceration.[4] The DHO imposed aggregate sanctions of: (1) 365 days' loss of commutation time; (2) 365 days confined to restorative housing unit ("RHU"); (3) 300 days' loss of phone, television, and radio privileges; (4) permanent loss of contact visits; (5) 30 days' loss of Canteen (luxury items only); (6) 30 days' loss of recreational privileges ("LORP"); and (7) a referral of appellant's charges "to the Mercer County Prosecutor pursuant to N.J.A.C. 10A:4-4.2 and N.J.S.A. 2C:29-10."

Melendez filed an administrative appeal, arguing that the DHO's decision and sanctions "were grossly disproportionate when compared to other persons who had the same type charge," citing specifically two cases involving other inmates who were found guilty of cell phone infractions, and who he maintained received far more lenient sentences of ninety and one-hundred-days RHUs, compared to his 365 days. He further asserted that his sentence was unfair and discriminatory. In his brief, Melendez admitted that "*.009 is an extremely serious offense" but explained "that an inmate can commit an extremely serious act with a less-culpable motive."

---

[4] Melendez argued his last disciplinary charge occurred in 2020, though the record does not detail the underlying offense or infraction.

Approximately six weeks later, Acting Administrator J. Crothers[5] denied the appeal, concluding that after reviewing all of the reports and disciplinary history, Melendez was afforded the appropriate procedural safeguards, the "extenuating circumstances [did] not outweigh the substantial evidence against" him, the sanctions were "appropriately applied," and upheld the disciplinary decision and sanctions.[6]

Before us, Melendez raises the following arguments for our consideration:

POINT I

THE [DHO] VIOLATED APPELLANT'S DUE PROCESS RIGHTS, WHEN SHE IMPOSED SANCTIONS TWO AND THREE TIMES GREATER THAN THE SANCTIONS IMPOSED ON OTHERS, SIM[IL]ARLY SITUATED, FOUND GUILTY OF THE SAME PROHIBITED ACT, WHEN SAID SANCTIONS WERE NOT BASED ON SUFFICIENT CREDIBLE EVIDENCE IN THE RECORD. []

POINT II

THE [DHO] DID NOT PROVIDE A BASIS IN THE RECORD WHY SHE RECOMMENDED ["]ENHANCED SANCTIONS,["] NOR DO GUIDELINES EXIST TO EXPLAIN HOW AND/OR WHAT CONDITIONS PREC[E]DENT MUST EXIST TO SUPPORT A RECOMMENDATION FOR

---

[5] The Acting Administrator's first name was omitted from the record before us.

[6] Melendez asserts it was three months before he received the decision denying his appeal.

A-1355-24

["]ENHANCED SANCTIONS.["]

POINT III

THE PRISON CLASSIFICATION COMMITTEE . . . DID NOT PROVIDE A BASIS FOR IMPOSING ["]ENHANCED SANCTIONS,["] NOR DO WRITTEN GUIDELINES EXIST EXPLAINING HOW OR WHEN ["]ENHANCED SANCTIONS["] ARE WARRANTED.

POINT IV

(NOT RAISED BELOW) PRISON OFFICIALS VIOLATED MR. MELENDEZ'S EQUAL PROTECTION RIGHTS.

On appeal, the judicial role in reviewing all administrative action is generally limited to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). Despite those limitations, we do not perform

7

a perfunctory review of the agency's findings but engage in a careful and principled examination. Williams v. Dep't of Corr., 330 N.J. Super. 197, 203-04 (App. Div. 2000).

A reviewing court "may not substitute its own judgment for the agency's, even though the court might have reached a different result." Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 238-39 (App. Div. 2019) (quoting In re Stallworth, 208 N.J. at 194). We review agency decisions under an arbitrary and capricious standard. Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019); see also Melnyk v. Bd. of Educ. of Delsea Reg'l High Sch. Dist., 241 N.J. 31, 40 (2020). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).

Melendez challenges the Department's final agency decision, arguing it was arbitrary, capricious and unreasonable because it was not based on substantial credible evidence in the record. In this vein, he also raised due process concerns, arguing he was found guilty even though "there are no

published guidelines that establish criteria for imposing enhanced sanctions under N.J.A.C. 10A:4-5.1(t)."[7]

Relatedly, Melendez challenges the imposition of sanctions on equal protection grounds, asserting the sanctions were disproportionate when compared to those imposed on other inmates who engaged in similar prohibited activity. Melendez further avers that the DHO did not provide a basis for the recommended sanctions, the prison classification committee did not provide a basis for imposing enhanced sanctions, and there are no written guidelines explaining how or when sanctions are warranted.

Melendez also challenges the DHO's determination the reporting officers' account was credible and that his own testimony and explanation was not credible. He further maintains that evidence relied upon—the testimony of

---

[7] See N.J.A.C. 10A:4-5.1(t) (codifying administrative actions that may be taken in addition to sanctions including: recommending transfer to a more appropriate correctional facility; increasing custody status; changing work or housing assignments; assignment to a treatment program; assessing restitution for damage, alteration or destruction of property; recommending loss of telephone, radio, television and/or tablet or similar handheld electronic device privileges for up to one year; recommending loss of contact visit privileges for up to one year; recommending loss of recreation privileges for up to 180 calendar days; disposal of an item in accordance with; and/or placement in a "DRY" cell during prehearing discipline).

Officer Pazik—constitutes error because "there is credible evidence that [Officer] Pazik was not even in the building the day of the search."

As a preliminary matter, we reject Melendez's argument the DHO violated his due process rights. To the contrary, we are satisfied Melendez was afforded due process when he was notified of the charges against him and granted an opportunity to be heard at the administrative hearing. As set forth by our Supreme Court, and later codified in the DOC regulations, N.J.A.C. 10A:4-9.1 to .28, inmates charged with disciplinary infractions are entitled to limited due process protections and are not afforded "the full panoply of rights" guaranteed to a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522-23 (1975) (citing Morrissey v. Brewer, 408 U.S. 471, 480 (1972)). These regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams v. Dep't of Corr., 330 N.J. Super. 197, 203 (App. Div. 2000) (citing McDonald v. Pinchak, 139 N.J. 188, 202 (1995)).

At the hearing, Melendez failed to offer testimony or evidence and he neither challenged nor presented any contradictory evidence, leaving the DHO to consider the uncontroverted evidence presented by Officers Gorman and Jovanovic that he was discovered in his cell with a phone and SIM card, which

is a clear violation of the Department's rule *.009. Accordingly, the DHO's finding of guilt based on the uncontroverted testimony of Officers Gorman and Jovanovic does not constitute error.

Relatedly, as to Melendez's argument that the DHO incorrectly relied on evidence produced by Officer Pazik, who was not present when he was discovered with the phone or when the SIM card was found,[8] we are satisfied that although the DHO inaccurately referred to Officer Pazik in her "summary of evidence relied on," as the source of the testimony, any such error is harmless and does not warrant reversal of the Department's determination given that the DHO also correctly relied on the testimony of the officers who were present. "Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . ." R. 2:10-2; State v. Reeds, 197 N.J. 280, 298 (2009). Because the uncontroverted record supports the DHO's finding of guilt as to Melendez's possession of the SIM card, the DHO's reference to Officer Pazik is not clearly capable of producing a different result. Accordingly, we are satisfied that the underlying, uncontroverted facts support the DHO's initial decision and the

---

[8] Melendez states, "[Officer] Pazik was not part of the targeted search; in fact, there is a credible allegation that [Officer] Pazik was not even in the facility on that day."

Department did not abuse its discretion in relying on the observations of Officers Jovanovic and Gorman that Melendez was holding a phone, which he attempted to conceal by flushing it down the toilet, and the subsequent discovery of the concealed SIM card in his cell. Based on these facts, there is substantial credible evidence in the record to support the Department's decision.

Similarly, we reject Melendez's argument that the sanctions imposed were too harsh, disproportionate and lacked any basis. Melendez has not demonstrated that the DHO failed to apply the proper standard in reviewing his appeal or that any required procedural safeguards were not followed. Melendez argues solely that other inmates received far less sanctions than the 365 days RHU he received. This argument, however, is insufficient to demonstrate the Department's decision was arbitrary, capricious, or unreasonable. See Stallworth, 208 N.J. at 194; In re Carter, 191 N.J. 474, 482-83 (2007). Further, N.J.A.C. 10A:4-5.1(a) states "[t]he maximum [RHU] sanction for any prohibited act or acts resulting from a single incident shall not exceed 365 days." The sanction imposed here comports with this regulation, therefore the claim is without merit. Neither are we persuaded by Melendez's argument that he was wrongfully confined to his cell twenty hours or more each day in violation of the Isolated Confinement Restriction Act, N.J.S.A. 30:4-82.5 to -82.11, as

12

Melendez has not offered any such proof.  We are thus convinced the Department's decision is supported by sufficient credible evidence as a whole. R. 2:11-3(e)(1)(D).

To the extent we have not addressed any of Melendez's arguments, it is because we have determined they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13                                                    A-1355-24